```
                    United States District Court
                      District of Massachusetts
┌─────────────────────────────────────┐
│                                     )
│ In re:                              )
│                                     )    Chapter 7 Case No.
│ INOFIN INCORPORATED,                )    11-11010-JNF
│                                     )
│         Debtor,                     )
│                                     )
├─────────────────────────────────────┤
│                                     )
│ MARK G. DEGIACOMO, Chapter 7        )
│ Trustee of the Estate of Inofin     )
│ Incorporated,                       )
│                                     )
│         Plaintiff,                  )
│                                     )    Civil Action No.
│         v.                          )    14-10483-NMG
│                                     )
│ HOLLAND & KNIGHT, LLP and           )
│ RICHARD J. HINDLIAN,                )
│                                     )
│         Defendants.                 )
└─────────────────────────────────────┘
```

## MEMORANDUM & ORDER

**GORTON, J.**

Defendants Holland & Knight LLP ("H&K") and Richard J. Hindlian ("Hindlian") (collectively, "defendants") move pursuant to 28 U.S.C. § 157(d) to withdraw the reference of an adversary proceeding currently pending before the United States Bankruptcy Court for the District of Massachusetts.

## I. Background

Chapter 7 Debtor Inofin Incorporated ("Inofin") was primarily engaged in the business of purchasing and servicing subprime used car loans. Defendants served as legal counsel to

-1-

Inofin at various times between 1995 and 2011 and, among other things, advised Inofin with respect to its compliance with federal securities laws. H&K is a limited liability partnership operating as a law firm with an office in Boston, Massachusetts. Hindlian is a Boston-based partner of H&K who advises clients on taxation, securities and related matters.

II. **Procedural History**

In February, 2011, certain creditors of Inofin filed an involuntary Chapter 7 bankruptcy petition against that company in the United States Bankruptcy Court for the District of Massachusetts. Shortly thereafter, the bankruptcy court entered an order for relief under that chapter and appointed Mark D. DeGiacomo as Trustee of the Chapter 7 bankruptcy estate ("the Trustee"). The bankruptcy court has presided over numerous adversary proceedings initiated by the Trustee since then.

In September, 2013, the Trustee commenced the instant adversary proceeding against defendants. In the Complaint, the Trustee asserts a single count of legal malpractice arising under Massachusetts law. Specifically, he alleges that defendants failed to provide adequate advice to Inofin on how to comply with securities laws.

In October, 2013, the defendants moved the bankruptcy court to dismiss the adversary proceeding and to require the Trustee to file his action in the Massachusetts Superior Court. That

motion was denied in January, 2014. Defendants thereafter filed an answer to the Trustee's Complaint and moved in this Court to withdraw the reference. The bankruptcy court issued a pretrial order which called for discovery in this matter to be completed by May, 2014 and for the parties to file a joint pretrial memorandum by June, 2014. The bankruptcy judge then denied a motion by defendants to stay that pretrial order.

This Court heard arguments on the subject motion on April 30, 2014. At the hearing, counsel stated that they have filed an agreed-to discovery schedule with the bankruptcy court that calls for fact discovery to be completed by March, 2015, expert discovery by June, 2015, and summary judgment motions to be filed in August, 2015.

### III. **Defendants' motion to withdraw reference**

Defendants have moved this Court to withdraw the adversary proceeding from the bankruptcy court immediately.

This Court refers all proceedings arising under or relating to cases arising under Title 11 of the United States Code to the Bankruptcy Court for the District of Massachusetts pursuant to 28 U.S.C. § 157(a) and Local Rule 201. Withdrawal of references is governed by 28 U.S.C. § 157(d) which provides that a district court may withdraw the reference of a matter to the bankruptcy court "for cause shown." What constitutes "cause" justifying withdrawal is not defined by the statute and has not been

determined by the First Circuit Court of Appeals but it is generally recognized that cause to withdraw a reference includes instances in which a party has a right to a jury trial and does not consent to a bankruptcy judge presiding over the trial. See Container Recycling Alliance v. Lassman, 359 B.R. 358, 360 (D. Mass. 2007).

In this case, the parties agree that the reference must be withdrawn before trial because defendants have a right to a jury trial on the legal malpractice claim and have not agreed to have that claim tried in the bankruptcy court. They also agree that the legal malpractice claim is a non-core claim under 28 U.S.C. § 157(b)(2). They disagree, however, about when the Court should withdraw the reference. Defendants prefer immediate withdrawal while the Trustee requests that the matter be left in the bankruptcy court for all pre-trial proceedings.

As an initial matter, the Court disagrees with defendants that their right to a trial by jury and adjudication of non-core claims by an Article III court will be compromised if the bankruptcy court conducts pretrial proceedings and agrees with the majority of courts that have rejected that argument. See In re Healthcentral.com, 504 F.3d 775, 786-88 (9th Cir. 2007) (following the "great majority of courts" in holding that the Seventh Amendment right to a jury trial is not impaired when a district court declines to withdraw a reference immediately and

the bankruptcy court retains jurisdiction over pre-trial proceedings).

The issue that this Court must decide, therefore, is whether non-constitutional factors warrant immediate withdrawal. The parties have not identified, nor has this Court found, binding First Circuit case law that addresses whether immediate withdrawal is warranted when the party moving for withdrawal has a right to a jury trial on a non-core claim. Courts outside of this circuit have split with some favoring immediate withdrawal and others preferring to let the bankruptcy judge preside over discovery and other pretrial proceedings.

Courts that favor immediate withdrawal reason that it avoids duplication of efforts given that dispositive motions will be subject to de novo review and the proceeding will ultimately be transferred to the district court for a jury trial. See In re Archdiocese of Milwaukee, No. 11-20059, 2913 WL 660018 (E.D. Wis. Feb. 22, 2013) (avoiding duplicative proceedings and costs in non-core proceeding); In re Gulf States Long Term Acute Care of Covington, 455 B.R. 869, 877 (E.D. La. 2011) (inefficient to allow pretrial motion practice to continue in the Bankruptcy Court given right to jury trial); In re Joseph DelGreco & Co., No. 10-6422, 2011 WL 350281, at *5 (S.D.N.Y. Jan. 26, 2011) (allowing legal malpractice claim to remain with bankruptcy court pre-trial would not promote judicial economy);

In re Peanut Corp. of Am., 407 B.R. 862, 866 (W.D. Va. 2009) (early withdrawal promotes "consistency and judicial economy").

Courts that have declined to withdraw immediately non-core claims or claims to which there is a right to trial by jury generally reason that the bankruptcy court is in a better position to monitor discovery and other pretrial proceedings. See In re Batt, No. 12-009, 2012 WL 4324930, at *2 (W.D. Ky. Sept. 20, 2012) (judicial economy and party resources are best served by the bankruptcy court performing the first review of non-core issues); see also City Bank v. Compass Bank, No. 11-372, 2011 WL 5442092, at *4-6 (W.D. Tex. Nov. 9, 2011) (bankruptcy court is in the best position to "promote efficient pre-trial case management" of fraudulent transfer claim); Turner v. Boyle, 425 B.R. 20, 23-26 (D. Me. 2010) ("The early stages of the proceedings counsel against withdrawal [of core claim] because the Court does not know whether ... protracted discovery under court oversight will be required.").

Here, the Court discerns no reason to believe that the bankruptcy judge is any less capable than this Court to preside over discovery matters given her familiarity with the facts of the underlying bankruptcy case and the parties involved. On the other hand, the Court agrees with defendants that it will likely be more efficient for this Court to consider dispositive motions in the first instance rather than reviewing de novo the proposed

-6-

findings of fact and conclusions of law of the bankruptcy judge with respect to such motions. The Court will therefore deny defendants' motion without prejudice to renewing their motion at the close of discovery and before the deadline for filing dispositive motions.

## ORDER

For the foregoing reasons, defendants' motion to withdraw reference (Docket No. 1) is **DENIED WITHOUT PREJUDICE.**

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated May 2, 2014